[No. 3,628.]

## SIMMONS *v.* GOIN ET AL.

DILIGENCE IN PROSECUTING MOTION FOR NEW TRIAL.—If a judicial district is composed of several counties, and a statement on motion for a new trial is made and settled in one of these at the same term the judgment was rendered, the motion is prosecuted with diligence if brought to a hearing at the next term held in the county where judgment was rendered, although two terms may have intervened in other counties in the same district.

APPEAL from the District Court of the Fifth Judicial District, County of Stanislaus.

The plaintiff had judgment May 2d, 1872, in an action of ejectment, and the defendant moved for a new trial. On the eighth of May the statement was filed, and, amendments having been proposed by the plaintiff, the Judge settled the statement on the fourteenth. On the sixteenth the statement was engrossed, and on the twenty-first an order was made staying all further proceedings on the judgment until after the hearing and determination of the motion. At the ensuing September Term for Stanislaus County, on the third day of the second week, the Court made an order reciting the foregoing facts, and stating that as two terms had intervened in adjoining counties, and no effort had been made to obtain a hearing of the motion, the defendant had failed to prosecute it with the due diligence required by law. Thereupon the motion for a new trial was vacated and annulled, and the defendant, Goin, appealed from the judgment and from the order denying the motion for a new trial. The Fifth Judicial District was composed of the Counties of San Joaquin, Stanislaus, and Tuolumne. The orders hereinbefore recited were made at the April Term of the Court, in Stanislaus County, and the two intervening terms prior to September were held in Tuolumne and San Joaquin. It is stated in an affidavit by the defendant's counsel, among other things, that the Judge settled the statement before the time fixed for settlement, and in the absence of the defendant's attorneys, allowing amendments proposed by the plaintiff; that the engrossed statement was incorrect, and had not been settled since engrossment, and that it had not been the practice of the Court to require that a motion for a new trial should be submitted prior to the term next subsequent to the one at which the trial was had.

*J. H. Budd,* for Appellant.

The order dismissing the motion was in effect an order denying a new trial. ( *Warden* v. *Mendocino County,* 32 Cal. 655.)

The defendant gave notice of motion, and filed his statement within six days after the entry of the judgment and gave notice of settlement of statement written one week thereafter. He did all he could practically do to bring on his motion, and with the greatest diligence. Until the statement was settled and certified to by the Judge after engrossment, it could not be used on defendant's motion. ( *Waggenheim* v. *Hook,* 35 Cal. 216; *Kimball* v. *Semple,* 31 Cal. 657; *Cosgrove* v. *Johnson,* 30 Cal. 509; *Kavanaugh* v. *Maus,* 28 Cal. 261; *Vilhac* v. *Bivens,* 28 Cal. 409.)

*Budd & Scaniker,* also for Appellant.

*Henry Edgerton* and *A. Hewell,* for Respondent.

To dismiss a motion for a new trial for want of prosecution rests in the sound discretion of the Court. (*Boggs* v. *Clark,* 38 Cal. 239.)

By the COURT:

We discover no error in the record upon which the judgment should be reversed; but we think that there was no such want of diligence upon the part of the defendant, Goin, in the prosecution of his motion for a new trial, as justified the Court below in dismissing it.

Judgment affirmed. Order dismissing motion for a new trial reversed, and cause remanded for further proceedings on motion. Remittitur to issue forthwith.